UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

      v.

YHONNY ALVAREZ RIVERA,

             Defendant.

**MEMORANDUM AND ORDER**
22-CR-476-2 (RPK)

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

Defendant Yhonny Alvarez Rivera moves for the modification of his sentence to include a one-day term of supervised release. He hopes that the modification would enable him to be released early from federal custody, using time credits he has earned through participation in recidivism reduction programs. As explained below, Alvarez Rivera has not established the extraordinary and compelling circumstances required for a sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly, the motion is denied.

## BACKGROUND

### A. Statutory Background

This motion implicates two statutory changes enacted through the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, as well as a provision of the Sentencing Guidelines.

The FSA's compassionate-release provision permits a court to grant a sentence reduction on a prisoner's motion, even when the Bureau of Prisons does not support the request. Specifically, 18 U.S.C. § 3582 provides that "upon motion of the defendant," after certain exhaustion requirements are satisfied, a court:

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

1

>portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).  Under this provision, before reducing a term of imprisonment, "a district court must 'find[] that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  If such reasons exist, the court must consider "'the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).  Even if extraordinary and compelling circumstances exist, "a district court's 'reasonable evaluation of the Section 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release.'" *Ibid.* (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021)).

Another FSA provision authorizes some prisoners to earn "time credits" through participation in "recidivism reduction programming."  18 U.S.C. § 3632(d)(4)(A).  Those time credits "shall be applied toward time in prerelease custody," 18 U.S.C. § 3632(d)(4)(C)—meaning time in home confinement or at a residential reentry center ("RRC"), also known as a halfway house, 18 U.S.C. § 3624(g)(2)—"or supervised release." 18 U.S.C. § 3632(d)(4)(C).  Prisoners who are subject to a final order of deportation are "ineligible to apply time credits" under that provision, 18 U.S.C. § 3632(d)(4)(E)(i), but that prohibition does not extend to aliens who are potentially deportable but not yet subject to a final order of deportation, *see ibid.*; *see also, e.g.*, *United States v. Perez Sanchez*, No. 16-CR-661-1 (ARR), 2024 WL 1069884, at *3–4 (E.D.N.Y. Mar. 12, 2024); *Komando v. Luna*, No. 22-CV-425 (SE), 2023 WL 310580, at *6 (D.N.H. Jan. 13, 2023), *report and recommendation adopted*, 2023 WL 1782034 (D.N.H. Feb. 6, 2023).

2

The Sentencing Guidelines address supervised release for deportable aliens by providing that a "court ordinarily should not impose a term of supervised release in a case in which . . . the defendant is a deportable alien who likely will be deported after imprisonment." U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 5D1.1(c) (U.S. Sent'g Comm'n 2023).

**B. Case History**

Defendant was convicted of conspiracy to distribute cocaine. J. as to Yhonny Alvarez Rivera 1 (Dkt. #33). The Court sentenced defendant to 33 months of imprisonment. *Id.* at 2. The Court did not impose a term of supervised release, consistent with the Sentencing Guidelines' recommendation that supervised release should not ordinarily be imposed for a deportable alien who "likely will be deported after imprisonment," U.S.S.G. § 5D1.1(c); *see also* Revised U.S. Probation Office Sentence Recommendation 2 (Dkt. #32-1) (recommending no term of supervised release for defendant "consistent with" U.S.S.G. § 5D1.1(c) because "an immigration detainer has been lodged against him"); August 23, 2023 Tr. 3:16–23, 12:12–15 (Dkt. #56) (adopting that recommendation).

Defendant has now moved for a modification of his sentence, asking that the judgment be amended to include a one-day term of supervised release. He hopes that modification would make it possible for him to be released from custody before the end of his sentence, based on time credits he has earned through recidivism reduction programs. *See* Second Mot. to Reduce Sentence 1–6 (#57); Reply 1–6 (Dkt. #61).[*] The government opposes defendant's motion. *See* Opp'n (Dkt. #59).

---

[*] Defendant's motion also repeats his prior request for a sentence reduction pursuant to U.S.S.G. § 4C1.1. Second Mot. to Reduce Sentence 1; *see* First Mot. to Reduce Sentence (Dkt. #46); Dec. 12, 2023 Order. But defendant has since withdrawn that request. Reply 1–2.

## DISCUSSION

Defendant's motion to modify his sentence is denied.

Defendant's motion is construed as asserted under 18 U.S.C. § 3582(c)(1)(A). While defendant contests this framing of his motion, Reply 1–2, he "does not identify any [other] statute authorizing [the Court] to modify his sentence after judgment," *Perez Sanchez*, 2024 WL 1069884, at *3. Moreover, the cases that the defendant cites in support of his motion all involve application of Section 3582(c)(1)(A). *See Perez Sanchez*, 2024 WL 1069884, at *3 (citing, *inter alia*, *United States v. Nunez-Hernandez*, No. 14-CR-20, 2023 WL 3166466 (D. Minn. Apr. 27, 2023); and *United States v. Oprea*, No. 11-CR-64, 2023 WL 6958690 (D.N.H. Oct. 20, 2023)); Second Mot. to Reduce Sentence 5; Reply 3–4. While Section 3582(c)(1)(A) expressly addresses when courts "may *reduce* the term of imprisonment" (emphasis added), the Court assumes *arguendo* that it also allows courts to increase a defendant's sentence—which is effectively what defendant requests—when the "practical effect" of the change would be "a reduction in [the defendant's] term of incarceration," *Perez Sanchez*, 2024 WL 1069884, at *3.

Defendant's motion fails because he has not established the extraordinary and compelling circumstances required for a sentence modification under Section 3582(c)(1)(A). Defendant's proffered circumstance—that he cannot be released onto supervision early based on his FSA credits because he does not face a period of supervised release—is the ordinary consequence of logical policy choices reflected in the Guidelines and the FSA. The first is that supervised release should not generally be imposed on individuals like the defendant who are unlikely to be supervised in any practical sense, since they are expected to be deported after imprisonment. *See* U.S.S.G. § 5D1.1(c); *id.* cmt. n.5 (noting that, where the defendant is deportable and likely to be deported, "supervised release is unnecessary"). The second is that credits for participation in

4

recidivism reduction programs do not reduce sentences across the board but can instead only "be applied toward time in prerelease custody or to supervised release." 18 U.S.C. § 3632(d)(4)(C); *see id.* § 3624(g)(1)(D); *accord* 28 C.F.R. § 523.44(a)(1). That legislative choice ensures that the individuals benefitting from FSA credits are subject to supervision during the period in which they would have originally been incarcerated—whether in home confinement or a RRC (for those placed in prerelease custody) or on supervised release. *See id.* § 3624(g)(1)(D).

To be sure, several courts have found extraordinary and compelling circumstances based on facts like those present here. *See Perez Sanchez*, 2024 WL 1069884, at *4; *Oprea*, 2023 WL 6958690, at *4. For instance, in *Perez Sanchez*, the district court reasoned that there is "no reason that [an individual's] immigration status should preclude him from earning and applying FSA credits for as long as he is subject to only an [Immigration and Customs Enforcement] detainer." *Perez Sanchez*, 2024 WL 1069884, at *4. The court further suggested that denying such aliens the opportunity for early release creates "a quintessential unwarranted disparity." *Id.* at *5. I respectfully disagree with that conclusion, because aliens who are likely to be deported upon release from custody are differently situated from other defendants. In particular, as explained above, they are unlikely to serve their terms of supervised release. Given that Congress wanted FSA credits to be applied only as an early start to "prerelease custody or supervised release," there is nothing irrational or unwarranted about denying individuals early release onto a term of "supervised release" that they are not likely to actually serve.

## CONCLUSION

For the reasons set forth above, defendant fails to establish extraordinary and compelling circumstances as necessary to sustain his motion for a sentence modification. Defendant's motion to modify his sentence is therefore denied.

SO ORDERED.

       /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: October 21, 2024
       Brooklyn, New York